UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRYL E. PATTERSON**                                     **CIVIL ACTION**

**VERSUS**                                                  **NO. 11-1582**

**SHERIFF MARLIN N. GUSMAN, ET AL.**                        **SECTION "C"(5)**

## ORDER AND REASONS

Plaintiff, Darryl E. Patterson, is a prisoner currently incarcerated in the Orleans Parish Prison. He filed the instant complaint pursuant to 42 U.S.C. §1983 against Sheriff Gusman, and various medical personnel at the prison. He claims that he was denied adequate medical care for recurring cysts and that he was denied access to the courts. Plaintiff seeks monetary compensation and transfer to another prison facility. (Rec. doc. 1, p. 4).

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. §1915. This is a

non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local rule 72.1 E(b)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at 28 U.S.C. §1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to §1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court's records establish that at least three of Patterson's prior civil complaints, filed while he was incarcerated, were dismissed as frivolous and/or for failure to state a claim.  These include the following: <u>Darryl E. Patterson v. Richard Stalder, et al</u>, C.A. # 00-1312-A-Section "P" (Judge Little)(W.D. La. 2000); <u>Darel E. Patterson v. Charles C. Foti, Jr.</u>, C.A. # 98-3254 "T" (3)(E.D. La. 1998); <u>Darryl E. Patterson v. Lester J. Parks, Jr.</u>, C.A. # 90-903 "B"(1) (E.D. La. 1990).

Plaintiff has not alleged imminent danger to his physical safety.  However, because a portion of Patterson's complaint dealt with an alleged deliberate indifference to his serious medical

needs which could result in infection, the Court made inquiry of the Sheriff as to what medical treatment Patterson was receiving in order to determine if Patterson was potentially in imminent danger of physical harm. A review of Patterson's medical records reflects that he has received medical attention on numerous occasions for a chronic condition from which he suffers. As such, the Court does not believe that his health is in imminent danger of being compromised.

Because Patterson has filed numerous frivolous litigations as set forth above in the past, the Court declines to grant him pauper status herein.

IT IS ORDERED that Darryl Patterson's motion to proceed in forma pauper is DENIED pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana this 11th day of August, 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE